UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BOONE,<br><br>            Plaintiff,<br>    v.<br><br>JOHN ALLABEN, et al.,<br><br>           Defendants. | CASE NO. C21-1562JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

Before the court is Defendant Carolynne Allaben's motion to dismiss. (Mot. (Dkt. # 11); *see also* Reply (Dkt. # 17).) Plaintiff Michael Boone opposes Ms. Allaben's motion. (Resp. (Dkt. # 16).) The court has considered the motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Ms. Allaben's motion.

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

## II. BACKGROUND

In his bare-bones complaint in this personal injury action, Mr. Boone alleges that on or about July 7, 2019, while intoxicated and walking on Pine Street in Seattle, Washington, he staggered and accidentally touched Ms. Allaben's body. (Compl. (Dkt. # 1-2) ¶ 2.) In response, Ms. Allaben's husband, Defendant John Allaben, pushed Mr. Boone "harshly" and "aggressive[ly]" from behind. (*Id.* ¶ 3.) Mr. Boone alleges that he was thrown to the ground and suffered extensive personal injuries as a result of Mr. Allaben's actions. (*Id.* ¶¶ 3-4.)

The Allabens are citizens and residents of Michigan. (C. Allaben Decl. (Dkt. # 12) ¶ 2; J. Allaben Decl. (Dkt. # 13) ¶ 2.) They were visiting Seattle to attend a wedding when the altercation with Mr. Boone took place. (C. Allaben Decl. ¶ 9; J. Allaben Decl. ¶ 9.) The Allabens aver that they have never been employed by a Washington corporation, paid taxes in Washington, or employed another person in Washington. (C. Allaben Decl. ¶¶ 6-7; J. Allaben Decl. ¶¶ 6-7.) They do not own or lease property or maintain bank accounts in Washington. (C. Allaben Decl. ¶ 8; J. Allaben Decl. ¶ 8.) They were married in Michigan, pay Michigan state income taxes, and have only Michigan drivers' licenses. (C. Allaben Decl. ¶¶ 2, 4-5; J. Allaben Decl. ¶¶ 2, 4-5.)

Mr. Boone originally filed his complaint in King County Superior Court on November 12, 2021. (*See* Compl. at 1.) In the caption of the complaint, he named Mr. Allaben and Ms. Allaben, "husband and wife and their marital community," as defendants, but he did not include any allegations within his complaint that, if true, would

establish a claim against the marital community. (*See generally id.*) On November 18, 2021, the Allabens removed the action to this court on the basis of diversity. (Not. of Removal (Dkt. # 1) ¶¶ 3-4.) Ms. Allaben filed the instant motion to dismiss Mr. Boone's claims against her on December 2, 2021. (*See generally* Mot.) Mr. Allaben has not moved to dismiss. (*See generally* Dkt.)

### III. ANALYSIS

Ms. Allaben brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Mot. at 1.) She asserts that Mr. Boone's claims against her must be dismissed because the allegations in the complaint do not establish personal jurisdiction and fail to state a claim. (*Id.*) The court addresses the jurisdictional argument first before turning to the sufficiency of the complaint. *See, e.g.*, *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 991 (9th Cir. 2009) ("[P]ersonal jurisdiction is a threshold issue . . . and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect.").

**A.  Personal Jurisdiction**

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). If the court decides the motion without conducting an evidentiary hearing, "the plaintiff need make only a prima facie showing

of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).  Although a plaintiff cannot simply rest on the bare allegations of the complaint, the court must accept uncontroverted allegations in the complaint as true, and conflicts between parties over statements in affidavits must be resolved in the plaintiff's favor.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto*, 539 F.3d at 1015 (citations omitted).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits.  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).  Under Washington's long-arm statute, a court in Washington may exercise specific personal jurisdiction[2] over a nonresident defendant when the defendant's limited contacts give rise to the cause of action.  RCW 4.28.185; *Gorden v. Lloyd Ward & Assocs., P.C.*, 323 P.3d 1074, 1081-82 (Wash. Ct. App. 2014).  Washington's long-arm statute provides, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
>     (a) The transaction of any business within this state;
>
>     (b) The commission of a tortious act within this state.

---

[2] Ms. Allaben does not contend that the court has general jurisdiction over her, and Mr. Boone has not alleged that she has "substantial" or "continuous and systematic" contacts with Washington required to establish general jurisdiction.  *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); (*see generally* Compl.; Resp.).

RCW 4.28.185.  In addition, the following elements must be satisfied to meet due process requirements:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;
>
> (2) the cause of action must arise from, or be connected with, such act or transaction; and
>
> (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Shute v. Carnival Cruise Lines*, 783 P.2d 78, 80 (Wash. 1989); *Bancroft & Masters*, 223 F.3d at 1086.

Here, Mr. Boone has not established this court's specific personal jurisdiction over Ms. Allaben because he makes no allegation that his claims arise from business she conducted or a tortious act she committed in Washington as required by the state's long-arm statute.  *See* RCW 4.28.185(1)(b).  Nor has he shown that Ms. Allaben purposefully committed some act from which his personal injury claim arises as required by due process.  *See Shute*, 783 P.2d at 80.  To the contrary, he alleges only that *he* touched *her*.  (Compl. ¶ 2.)  The court finds that this allegation, without more, is not sufficient to establish the court's personal jurisdiction over Ms. Allaben.

Mr. Boone argues two bases for the court's jurisdiction over Ms. Allaben, neither of which is persuasive.  First, he argues that "the series of events that resulted in [Mr.] Allaben's pushing of [Mr.] Boone started with Mr. Boone's unintentional touching of

[Ms.] Allaben's body and ended with significant personal injuries to Mr. Boone." (Resp. at 2.)  Thus, "[Ms.] Allaben's presence was the precipitating trigger that causes Mr. Allaben to attack Mr. Boone" and "[w]ithout her presence, there would be no tort claim or any legal action." (*Id.* at 3-4.)  Mr. Boone does not, however, cite any authority to support his argument that Ms. Allaben's mere presence on Pine Street on July 7, 2019, when Mr. Boone staggered into her, is sufficient to meet statutory and due process requirements for personal jurisdiction.  (*See generally id.*)

Second, Mr. Boone argues that the court has personal jurisdiction over Ms. Allaben because the Allabens' marital community is liable for Mr. Allaben's actions. (Resp. at 3-4.)  As Ms. Allaben points out, however, she and Mr. Allaben are married in Michigan, which is not a community property state.  (Mot. at 7-8); *see Gen Ads LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1121 n.2 (W.D. Wash. 2006) (noting that because the defendants were married in California, California law governed the question of whether the marital community was bound by the actions of one spouse); *see also In re Harajli*, 469 B.R. 274, 279-80 (Bankr. E.D. Mich. 2012) (noting that Michigan has not been a community property state since 1948).  As a result, Mr. Boone cannot sue Ms. Allaben solely to ensure access to community property because no such property exists.  *See Powell v. Am. President Lines, LTD*, No. C08-1606MJP, 2009 WL 367209, at *1 (W.D. Wash. Feb. 10, 2009) (granting summary judgment to defendant's spouse where the parties were married in Massachusetts, a non-community property state).  The court agrees with Ms. Allaben that, absent some allegation that she was part of a marital community domiciled in Washington, she is not liable for any alleged torts of her spouse

and personal jurisdiction cannot attach on that basis. (Mot. at 11); *see also Powell*, 2009 WL 367209, at *1. Accordingly, the court GRANTS Ms. Allaben's motion to dismiss for lack of personal jurisdiction and DISMISSES Mr. Boone's claims against her without prejudice and with leave to amend to allege facts, if any, that would establish jurisdiction.

**B.     Sufficiency of the Complaint**

Even if the court had personal jurisdiction over Ms. Allaben, the court would nevertheless grant her motion to dismiss because Mr. Boone has not sufficiently pleaded a claim against her. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As discussed above, Mr. Boone has not alleged any conduct by Ms. Allaben that would give rise to a tort claim against her individually, nor has he alleged facts that would support a finding that she is liable for the torts of her husband under Michigan law. (*See generally* Compl.) Thus, the court finds that Mr. Boone has not plausibly alleged a claim for relief against Ms. Allaben as required by Rule 12(b)(6). The court GRANTS

Ms. Allaben's motion to dismiss for failure to state a claim and DISMISSES Mr. Boone's claim against her without prejudice and with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Allaben's motion to dismiss (Dkt. # 15) and DISMISSES Mr. Boone's claims against her without prejudice and with leave to amend.  Mr. Boone shall file his amended complaint, if any, within 21 days of the filing date of this order.

Dated this 22nd day of December, 2021.

JAMES L. ROBART
United States District Judge