UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL BOONE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ALLABEN,<br><br>　　　　　　Defendant. | CASE NO. C21-1562JLR<br><br>ORDER |

**I.　INTRODUCTION**

Before the court is Defendant John Allaben's motion for summary judgment. (Mot. (Dkt. # 25); *see also* Reply (Dkt. # 34).) Plaintiff Michael Boone opposes Mr. Allaben's motion. (Resp. (Dkt. # 28).) The court has reviewed the motion, the submissions in support of and in opposition to the motion, the remainder of the record,

//

//

//

ORDER - 1

and the applicable law. Being fully advised,[1] the court GRANTS Mr. Allaben's motion for summary judgment.

## II. BACKGROUND

The court sets forth the factual and procedural background of this matter below.

### A. Factual Background

On July 7, 2019, Mr. Allaben and his wife, Carolynne Allaben, visited Seattle to attend a wedding. (Allaben Decl. (Dkt. # 26) ¶¶ 2-3.) That evening, the Allabens were walking eastbound on Pine Street in downtown Seattle near the Grand Hyatt Hotel, where they were staying. (*Id.* ¶¶ 4, 5.) Mr. Allaben walked a few steps ahead of Ms. Allaben. (*Id.* ¶ 6.) He recalls that he had had two glasses of bourbon at dinner. (*See* Rothschild Decl. (Dkt. # 31) ¶ 2, Ex. A at 7-8[2] (Mr. Allaben's interrogatory responses).)

Mr. Boone had also been drinking that evening and was walking past the Grand Hyatt Hotel to a nearby deli for a sandwich. (Boone Decl. (Dkt. # 29) ¶ 3.) Mr. Allaben saw Mr. Boone walking past him in an "odd . . . manner." (Allaben Decl. ¶¶ 4, 7.) Mr. Allaben then saw Mr. Boone move toward Ms. Allaben, reach out his left hand, and touch Ms. Allaben's breasts. (Allaben Decl. ¶ 8; *see also* Boone Decl. ¶ 3 (stating that he accidentally brushed Ms. Allaben when he tried to avoid colliding with a group of people on the sidewalk).) Mr. Allaben states that he "quickly came over and intentionally

---

[1] No party requests oral argument on the motions (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the instant motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court cites to the page numbers in the CM/ECF headers when referring to exhibits to counsel's declarations.

ORDER - 2

pushed Mr. Boone away from [Ms. Allaben] to protect her." (Allaben Decl. ¶ 9; *see also* Boone Decl. ¶ 3 (stating that after he continued walking for about ten feet, he was pushed from behind).) Mr. Boone fell onto the ground and landed on his face, suffering serious injuries to his face, head, and teeth. (Allaben Decl. ¶ 10; Boone Decl. ¶¶ 3-4.)

Mr. Allaben instructed the valet at the Grand Hyatt Hotel to call the police. (Allaben Decl. ¶ 11.) Seattle Police Department officers and medical personnel arrived on the scene. (*Id.* ¶ 12.) The police interviewed the Allabens and witnesses, and medics transported Mr. Boone to the hospital. (*Id.* ¶ 13; *see also* Boone Decl. ¶ 4 (stating the next thing he remembers was waking up in the hospital); 1st Nadler Decl. (Dkt. # 27) ¶ 8, Ex. G at 6-7 (police incident report).) In an interview with a police officer, which was recorded on the officer's body-worn camera, Mr. Allaben stated that he reacted angrily when he saw Mr. Boone "assault his wife" and that he did not mean to injure Mr. Boone. (*See* Rothschild Decl. ¶ 3; Not. of Filing Flash Drive (Dkt. # 33) ("Bodycam Audio")[3] at 1:00-1:25.)

Mr. Boone later obtained the declarations of two individuals who had witnessed the incident. (1st Nadler Decl. ¶ 6, Ex. E at 2-3 ("Collier Decl."); *id.* at 4-5 ("Mohamed Decl.").) Witness Renlee Collier stated that she saw Mr. Allaben begin yelling at Mr. Boone, then "charge[] [Mr. Boone] from the back, and with blunt force slam[] him into the ground." (Collier Decl. ¶ 3.) She asked Mr. Allaben why he pushed Mr. Boone, to

---

[3] Mr. Boone originally provided only a link to the body-worn camera audio file. (*See* Rothschild Decl. ¶ 3.) Mr. Boone subsequently filed the audio file in response to this court's March 15, 2022 minute order. (3/15/22 Min. Order (Dkt. # 32); *see* Not. of Filing Flash Drive.)

ORDER - 3

which he replied, "he grabbed my wife's boob's [sic]." (*Id.*)  She did not see Mr. Boone touch or grab Ms. Allaben.  (*Id.* ¶ 5.)  Witness Samy Mohamed saw Mr. Allaben, who was ten to twelve feet away from Mr. Boone, "turn[] around and charge[] [Mr. Boone] from behind."  (Mohamed Decl. ¶ 3.)  Mr. Mohamed's wife asked Mr. Allaben why he pushed Mr. Boone; Mr. Allaben replied, "[S]orry I had to do that but he grabbed my wife's boobs."  (*Id.*)  Mr. Mohamed, too, did not see Mr. Boone touch Ms. Allaben.  (*Id.* ¶ 6.)

Mr. Boone was charged in Seattle Municipal Court with a count of assault with sexual motivation.  (1st Nadler Decl. ¶ 7, Ex. F (criminal complaint); *see also* Boone Decl. ¶ 5 (stating that he was charged with a misdemeanor and asserting his innocence of the charge).)  Mr. Allaben was not charged with any crime.  (Allaben Decl. ¶ 14.)  On January 21, 2020, Mr. Boone entered into a stipulated order of continuance and waiver of rights in his criminal case.  (1st Nadler Decl. Ex. G at 1-3 (stipulated order of continuance); *see also* Boone Decl. ¶ 5.)  Under that agreement, the prosecutor agreed to move to dismiss the charges against Mr. Boone if he completed community service, underwent an alcohol dependency evaluation, and received counseling.  (1st Nadler Decl. Ex. G at 1-3; *see also* Boone Decl. ¶ 5.)  The matter was dismissed on July 23, 2021, after Mr. Boone successfully completed those obligations.  (Boone Decl. ¶ 5.)

**B.    Procedural Background**

Mr. Boone filed his original complaint in this action against Mr. and Ms. Allaben in King County Superior Court on November 12, 2021.  (*See* Compl. (Dkt. # 1-2) at 1.)

ORDER - 4

The Allabens removed the action to this court on November 18, 2021, on the basis of diversity jurisdiction. (Not. of Removal (Dkt. # 1) ¶¶ 3-4.)

On December 22, 2021, the court granted Ms. Allaben's motion to dismiss and dismissed her from this action. (12/22/21 Order (Dkt. # 19).) Mr. Boone filed an amended complaint on January 23, 2022, which Mr. Allaben answered on February 9, 2022. (Am. Compl. (Dkt. # 23); Am. Ans. (Dkt. # 24).) In his amended complaint, Mr. Boone alleges that "[i]n response to the touching of [Ms. Allaben's] body, [Mr. Allaben] pushed [Mr. Boone] from behind as [Mr. Boone] was approximately ten (10) feet forward from" the place where he "accidentally" touched Ms. Allaben. (Am. Compl. ¶ 3.) He alleges, however, that Mr. Allaben's "actions were unintentional and were not meant to cause harm to [Mr. Boone]." (*Id.* ¶ 5; *id.* ¶ 6 (alleging that Mr. Allaben's "pushing was done in reaction to the unintentional touching of his wife without thinking of the consequences").) Mr. Boone further alleges that his injuries were due to Mr. Allaben's "negligence, gross negligence, or recklessness." (*Id.* ¶ 7.)

Mr. Allaben filed the instant motion for summary judgment on February 22, 2022. (Mot.)

### III.   ANALYSIS

Mr. Allaben argues, primarily, that the court must dismiss this action because the applicable statute of limitations expired before Mr. Boone filed his complaint. (Mot. at 5-8.) Specifically, he contends that Mr. Boone's allegations and the undisputed facts show that Mr. Boone's claim must be characterized as one for battery, an intentional tort. (*Id.*) Thus, because Washington's statute of limitations for intentional torts is two years,

1  *see* RCW 4.16.100(1), Mr. Allaben asserts that Mr. Boone's claim is barred by the statute
2  of limitations and must be dismissed. (*Id.*) As explained in more detail below, the court
3  agrees, and DISMISSES Mr. Boone's complaint with prejudice.[4]

4  **A.   Summary Judgment Standard**

5       Summary judgment is appropriate if the evidence viewed in the light most
6  favorable to the non-moving party shows "that there is no genuine dispute as to any
7  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
8  56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it
9  might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
10 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a
11 reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*,
12 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

13      The moving party bears the initial burden of showing there is no genuine dispute
14 of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at
15 323. In Washington, where a defendant moves for summary judgment on the basis of an
16 affirmative defense such as the statute of limitations, the defendant bears the initial
17 burden of proving the absence of a material issue of fact as to that defense. *Precision*
18 *Airmotive Corp. v. Rivera*, 288 F. Supp. 2d 1151, 1153 (W.D. Wash. 2003) (citing
19 *Haslund v. City of Seattle*, 547 P.2d 1221, 1230 (Wash. 1976)). If the moving party

---

[4] Because the court concludes that this matter must be dismissed due to the expiration of the statute of limitations, it need not and does not address Mr. Allaben's alternative argument that Mr. Boone's claim is barred under the doctrine of unclean hands. (*See* Mot. at 8-10.)

meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250. "The determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

**B.     Mr. Allaben's Motion for Summary Judgment**

Mr. Allaben contends that he is entitled to summary judgment because Mr. Boone's amended complaint must be construed as alleging that Mr. Allaben committed battery and the two-year statute of limitations for intentional torts expired four months before Mr. Boone filed his original complaint. (*See* Mot. at 5-8.) Mr. Boone counters that there is a genuine issue of material fact whether Mr. Allaben's conduct was unintentional and thus should instead be considered negligent, grossly negligent, or reckless, thus triggering the three-year statute of limitations for negligence claims. (Resp. at 5-15.) The court agrees with Mr. Allaben.

"The factual allegations of the complaint determine the applicable statute of limitations." *Swank v. Valley Christian Sch.*, 374 P.3d 245, 256 (Wash. Ct. App. 2016), *aff'd in part, rev'd in part on other grounds*, 398 P.3d 1108 (Wash. 2017) (citing *Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. Ct. App. 1991)). "A plaintiff cannot avoid the battery limitation period 'by disguising the real cause of action in a different form.'" *Id.* (quoting *Boyles*, 813 P.3d at 179.) Accordingly, the court must review Mr. Boone's complaint to determine whether his allegations are consistent with a claim for battery. *See id.*

A battery is an intentional and unpermitted bodily contact with another person. *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 204 (Wash. 2014). A defendant is liable for battery if he or she acts intending to cause a harmful or offensive contact with the plaintiff and such a contact with the plaintiff results. *Id.* (quoting Restatement (Second) of Torts § 13 (1965)). The "contact" element of a battery is "simply a harmful or an offensive contact with the plaintiff." *Id.* at 204-05. A contact is "offensive" if it "offends a reasonable sense of personal dignity." *Id.* at 204 (quoting Restatement (Second) of Torts § 19). The "intent" element is satisfied if a defendant knows to a "substantial certainty" that his or her actions will result in the contact. *Id.* at 205. "In other words, the requisite intent for battery is to cause an offensive contact, not an injury." *Reagan v. Newton*, 436 P.3d 411, 421 (Wash. Ct. App. 2019) (citing *Sutton v. Tacoma Sch. Dist. No. 10*, 324 P.3d 763, 766 (Wash. Ct. App. 2014)).

Here, Mr. Boone alleges that Mr. Allaben, "[i]n response to the touching of [Ms. Allaben's] body," "pushed [Mr. Boone] from behind as [Mr. Boone] was approximately 10 feet forward from the accidental touching." (Am. Compl. ¶ 3.) In addition, he repeatedly acknowledges in his response to the motion for summary judgment that Mr. Allaben pushed him with intent. (*See, e.g.*, Resp. at 3 (stating that Mr. Allaben's "intention in pushing Mr. Boone was to get him away from his wife, not to cause him injuries"); *id.* at 4 (stating that Mr. Allaben admitted that he pushed Mr. Allaben in reaction to "what he thought was an assault on his wife"); *id.* at 5 (stating that "the evidence tends to show that Mr. Allaben intentionally pushed Mr. Boone, but did not intend to cause him the injuries that resulted from his over-reaction").) Finally, Mr.

ORDER - 8

Boone's allegations and declarations demonstrate that the push was harmful and/or offensive: he alleges that he suffered "extensive personal injuries" as a result of Mr. Allaben's actions. (Am. Compl. ¶ 8.) Based on these allegations, Mr. Boone's claim is properly categorized as one for battery. *See Kumar*, 325 P.3d at 204; *Swank*, 374 P.3d at 256.[5] As a result, Mr. Boone's claim, which he filed approximately two years and four months after the July 7, 2019 incident, is barred by the statute of limitations. *See* RCW 4.16.100(1); (Compl. at 1). Mr. Boone cannot escape this conclusion by alleging that a push that he acknowledges was intentional was instead due to "negligence, gross negligence, or recklessness." (Am. Compl. ¶ 7); *Swank*, 374 P.3d at 255-56.

Mr. Boone's arguments to the contrary are unavailing. Mr. Boone's primary assertion is that there is a question of fact regarding whether Mr. Allaben intended to cause him harm. (*See, e.g.*, Resp. at 5 (stating that the evidence tends to show that Mr. Allaben intended to push Mr. Boone but did not intend to injure him).) Mr. Boone's emphasis on intent to harm is misplaced, however, because the tort of battery does not require proof of the defendant's intent to cause harm or injury—it requires only an intent to make an unwanted contact with the person of another. *Kumar*, 325 P.3d at 205; *Reagan*, 436 P.3d at 421 ("[t]he requisite intent for battery is to cause an offensive

---

[5] Contrary to Mr. Boone's assertion in his response (*see* Resp. at 5-8), the Washington Supreme Court did not reverse the Washington Court of Appeals's holding in *Swank* that the plaintiff's claim for battery arising from a coach's act of shaking the decedent's football face mask could not survive the two-year statute of limitations. *See Swank v. Valley Christian Sch.*, 398 P.3d 1108, 1121 n.11 (Wash. 2017) (agreeing with the Court of Appeals that the face-mask shaking incident could not support a claim for damages "in and of itself," but concluding that specific incident "need not be walled-off from the entirety of" the negligent, grossly negligent, or reckless conduct).

contact, not an injury" (citing *Sutton*, 324 P.3d at 766)). And here, Mr. Boone repeatedly acknowledges that Mr. Allaben intended to push him. (*See, e.g.*, Resp. at 5; *id.* at 10 (stating that Mr. Allaben "pushed Mr. Boone to prevent him from further 'assaulting his wife,' not to cause him injury"); *id.* at 11 (stating that Mr. Allaben's "only intent was to keep Mr. Boone away from his wife").)

Mr. Boone also argues that Mr. Allaben "negligently or grossly negligently misperceived" that Mr. Boone had assaulted Ms. Allaben because he was intoxicated, and that he over-reacted as a result. (Resp. at 15 (citing Rothschild Decl. ¶ 2, Exs. A & B; and pointing out that the Allabens spent $423 at four restaurants on July 7, 2019).) Even if Mr. Allaben were intoxicated, however, Mr. Boone points to no authority for the proposition that Mr. Allaben's alleged misperception of whether Mr. Boone assaulted Ms. Allaben somehow negates his intent to push Mr. Boone. (*See id.*) Indeed, whether or not Mr. Boone in fact assaulted Ms. Allaben when he made contact with her on Pine Street—an accusation that Mr. Boone denies—is not relevant to whether Mr. Allaben's contact with Mr. Boone was intentional.

In sum, because the allegations in Mr. Boone's amended complaint are properly categorized as stating a claim for battery, and because Mr. Boone filed his complaint four months after the two-year statute of limitations for intentional torts expired, the court concludes that Mr. Boone's claim is barred and GRANTS Mr. Allaben's motion for summary judgment.

//

//

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Allaben's motion for summary judgment (Dkt. # 25).

Dated this 21st day of March, 2022.

JAMES L. ROBART
United States District Judge