UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BOONE,

Plaintiff,

v.

JOHN ALLABEN,

Defendant.

CASE NO. C21-1562JLR

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Before the court is Plaintiff Michael Boone's motion for reconsideration of the court's March 21, 2022 order granting Defendant John Allaben's motion for summary judgment. (MFR (Dkt. # 38); Reply (Dkt. # 41); *see also* MSJ (Dkt. # 25); 3/21/22 Order (Dkt. # 36); Judgment (Dkt. # 37).) Mr. Allaben opposes the motion. (Resp. (Dkt. # 40); *see also* 3/29/22 Order (Dkt. # 39) (directing Mr. Allaben to file a response pursuant to Local Rules W.D. Wash. LCR 7(h)).) The court has reviewed the motion, the parties'

briefing, the remainder of the record, and the applicable law. Being fully advised,[1] the court GRANTS Mr. Boone's motion for reconsideration and DENIES Mr. Allaben's motion for summary judgment.

## II. ANALYSIS[2]

"Motions for reconsideration are disfavored," and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Here, Mr. Boone contends that the court erred when it granted Mr. Allaben's motion for summary judgment and urges the court to consider the Washington Supreme Court's decision in *Beltran-Serrano v. City of Tacoma*, 442 P.3d 608 (Wash. 2019)—a case he did not cite in his briefing on the motion for summary judgment. (*See generally* MFR; *see* MSJ Resp. (Dkt. # 28).[3]) Because the court agrees that *Beltran-Serrano* governs the issue the court decided in its March 21, 2022 order, the court considers Mr. Boone's motion.

---

[1] No party requests oral argument on the motions (*see* MFR at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the instant motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Because the court set forth the factual and procedural background of this case in detail in its March 21, 2022 order, it does not repeat that background here. (*See* 3/21/22 Order at 2-5.)

[3] Mr. Boone does not explain why he did not cite a case that had been decided well before Mr. Allaben filed his motion. (*See generally* MFR.) The court admonishes Mr. Boone to practice greater diligence in his legal research to ensure that he cites relevant Washington Supreme Court precedent in future briefing. It is doubtful that the court will forgive the omission of such precedent in the future.

**A. Motion for Reconsideration**

In his amended complaint, Mr. Boone alleged that Mr. Allaben was negligent, grossly negligent, or reckless when he pushed Mr. Boone after Mr. Boone accidentally touched Mr. Allaben's wife. (Am. Compl. (Dkt. # 23) ¶¶ 3, 5-7.) In its March 21, 2022 order, the court held that Mr. Boone's claim was properly characterized as a claim for battery, an intentional tort, rather than a claim that Mr. Allaben was negligent. (3/21/22 Order at 9 (first citing *Swank v. Valley Christian Sch.*, 374 P.3d 245, 256 (Wash. Ct. App. 2016) (concluding that plaintiff's claim was barred by the two-year statute of limitations for intentional torts because the factual allegations of the complaint were "consistent with battery" rather than with gross negligence or recklessness), *aff'd in part, rev'd in part on other grounds*, 398 P.3d 1108 (Wash. 2017); and then citing *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 204 (Wash. 2014) (setting forth the elements of a battery claim)).) The court noted that Mr. Boone had repeatedly acknowledged in his complaint and in his briefing that Mr. Allaben had intentionally pushed him. (3/21/22 Order at 8-9 (citing Am. Compl. ¶ 3 (alleging that Mr. Allaben pushed Mr. Boone "in response to the touching of [Ms. Allaben]"); Resp. at 3 (stating that Mr. Allaben's "intention in pushing Mr. Boone was to get him away from his wife, not to cause him injuries"); *id.* at 4 (stating that Mr. Allaben admitted that he pushed Mr. Allaben in reaction to "what he thought was an assault on his wife"); *id.* at 5 (stating that "the evidence tends to show that Mr. Allaben intentionally pushed Mr. Boone, but did not intend to cause him the injuries that resulted from his over-reaction").) Thus, the court concluded that Mr. Boone's claim against Mr. Allaben—which he filed two years and four months after Mr. Allaben pushed

him—was barred by Washington's two-year statute of limitations for intentional torts. (3/21/22 Order at 9 (citing RCW 4.16.100(1)).)

Mr. Boone argues that the court must reconsider its decision under *Beltran-Serrano*. (MFR at 3.) In that case, Mr. Beltran-Serrano, who suffered from mental illness, was shot several times by a Tacoma police officer after a contact regarding panhandling escalated into a use of deadly force. *Beltran-Serrano*, 442 P.3d at 610. After observing erratic conduct by Mr. Beltran-Serrano and learning that he did not speak English, the officer radioed for help from a Spanish-speaking officer. *Id.* The officer, however, did not wait for the Spanish-speaking officer to arrive on the scene and instead attempted to engage Mr. Beltran-Serrano in conversation and ask for his identification. *Id.* Mr. Beltran-Serrano became frightened and tried to run away. *Id.* The officer reacted by shooting Mr. Beltran-Serrano with a stun gun; when that did not stop him from running, the officer fired multiple shots from her duty weapon until he fell to the ground. *Id.* Mr. Beltran-Serrano was seriously injured as a result. *Id.*

Mr. Beltran-Serrano alleged a battery claim based on the intentional shooting and a negligence claim based on the officer's conduct leading up to the shooting. *Id.* The superior court granted the City of Tacoma's motion to dismiss the negligence claims on the ground that a negligence claim could not be based on an intentional tort. *Id.* at 610-11. On direct review, the Washington Supreme Court reversed. *Id.* at 609. The Court framed the issue as "whether a claim of negligence can be based on [the officer's] shooting of [Mr.] Beltran-Serrano when it is clear the shooting was intentional, i.e., volitional." *Id.* at 611. The Court observed that Mr. Beltran-Serrano's allegations

> focus[ed] on [the officer's] negligence leading up to the shooting, including her failure to respond appropriately to clear signs of mental illness or impairment, her decision to continue to engage with [Mr.] Beltran-Serrano in English, and her decision to prevent him from walking away.

*Id.* The Court noted that although the

> negligence claims relate to events that culminated in [the officer] intentionally shooting [Mr.] Beltran-Serrano, they do not assert a "negligent intentional shooting." Instead, they require consideration of the totality of circumstances involved in the encounter . . . and identify potential negligence in the series of actions leading up to the decision to shoot.

*Id.* at 611-12. In other words, the "gravamen of the negligence claim is the mishandling of the encounter, not the use of excessive force." *Id.* at 612 n.6. The Washington Supreme Court concluded that "the fact that [Mr.] Beltran-Serrano may have a valid intentional tort claim for excessive force has no bearing on the viability of his negligence claim for violation of the duty to act reasonably." *Id.* at 613. Thus, Mr. Beltran-Serrano could pursue claims for both an intentional tort and negligence. *Id.*

The Court noted that *Boyles v. City of Kennewick*, upon which *Swank* relied for the proposition that a plaintiff cannot "avoid the battery limitation period 'by disguising the real cause of action in a different form,'" does not support the argument that a plaintiff cannot assert claims for negligence and battery arising from the same incident. *Beltran-Serrano*, 442 P.3d at 613 (citing *Boyles*, 813 P.2d 178, 179 (Wash. Ct. App. 1991)); *Swank*, 374 P.3d at 256 (quoting *Boyles*, 813 P.2d at 179); (*see also* MSJ at 6-7 (relying on *Swank*)). Rather, where the plaintiff's complaint alleges facts necessary to support claims for both an intentional tort and negligence, the plaintiff can pursue both claims. *Beltran-Serrano*, 442 P.3d at 613.

Mr. Boone argues that his negligence claim is based on Mr. Allaben's failure to use reasonable care to avoid the use of force in response to Mr. Boone's accidental touching of Ms. Allaben. (MFR at 2.) Quoting *Beltran-Serrano*'s statement of the rule that "every individual owes a duty of reasonable care to refrain from causing foreseeable harm in interactions with others," he points out that, contrary to the court's prior holding, a plaintiff may pursue a negligence claim even where a use of force is indisputably intentional and argues that a jury must determine whether Mr. Allaben breached the duty of reasonable care when he pursued and pushed Mr. Boone. (*Id.* at 3-5 (quoting *Beltran-Serrano*, 442 P.3d at 613-14).) The court agrees with Mr. Boone that under *Beltran-Serrano*, Mr. Boone's negligence claim—based, as it is, on his allegation that Mr. Allaben acted unreasonably in responding to Mr. Boone's contact with Ms. Allaben—is not foreclosed by the fact that the allegations in the complaint and the undisputed facts could also give rise to a claim for battery. Therefore, the court GRANTS Mr. Boone's motion for reconsideration and DENIES Mr. Allaben's motion for summary judgment to the extent it was based on the argument that Mr. Boone is foreclosed from pursuing a negligence claim where the complaint also alleges intentional conduct.

**B. Unclean Hands Defense**

Because the court concludes that Mr. Boone's negligence claim survives dismissal, it must take up the issue it deferred in its prior order: whether Mr. Boone's claim nevertheless must be dismissed under the doctrine of unclean hands. (*See* 3/21/22 Order at 6 n.4 (citing MSJ at 8-10).) To prevail on the affirmative defense of unclean

hands, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of is claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). "[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands." *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018) (quoting *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982)). Factual questions related to the defense of unclean hands "may only be resolved on summary judgment if the evidence presented by both sides would permit the trier of fact to come to only one conclusion." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 871 (9th Cir. 2002).

Mr. Allaben argues that the court must exercise its discretion to dismiss Mr. Boone's claim because the undisputed facts show that Mr. Boone was "heavily intoxicated" when he "touched Ms. Allaben inappropriately." (MSJ at 9.) He notes that Mr. Boone was charged with assault after the encounter and contends that Mr. Boone "seeks to weaponize his defense against his assault charge by claiming the damages stemming from his own drunken behavior." (*Id.*) Mr. Boone, however, denies that he assaulted Ms. Allaben and points out that his criminal case was dismissed. (MSJ Resp. (Dkt. # 28) at 15; Boone Decl. (Dkt. # 29) ¶¶ 3, 6; *see* Nadler Decl. (Dkt. # 27) ¶ 8, Ex. G (Stipulated Order of Continuance and Waiver of Rights).) The court concludes that Mr. Allaben has not met his burden to show, on summary judgment, that there is no genuine dispute as to the material facts relating to his unclean hands affirmative defense.

Accordingly, the court DENIES Mr. Allaben's motion for summary judgment with respect to his unclean hands affirmative defense.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Boone's motion for reconsideration (Dkt. # 38); DENIES Mr. Allaben's motion for summary judgment (Dkt. # 25); and VACATES the March 21, 2022 order and judgment (Dkt. ## 36, 37).

Dated this 25th day of April, 2022.

JAMES L. ROBART
United States District Judge