1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   MICHAEL BOONE,                          CASE NO. C21-1562JLR

11                          Plaintiff,        ORDER

12          v.

13   JOHN ALLABEN,

14                          Defendant.

15          Before the court is Defendant John Allaben's motion to certify questions to the

16   Washington Supreme Court or, in the alternative, for reconsideration.  (Mot. (Dkt. # 44).)

17   In this order, the court addresses the portion of Mr. Allaben's motion in which he asks the

18   court to reconsider its April 25, 2022 order granting Plaintiff Michael Boone's motion for

19   reconsideration of the court's March 21, 2022 order granting Mr. Allaben's motion for

20   summary judgment.  (*Id.* at 8-10; *see* 4/25/22 Order (Dkt # 42); 3/21/22 Order (Dkt.

21   # 36).)

22

ORDER - 1

1    "Motions for reconsideration are disfavored," and the "court will ordinarily deny

2    such motions in the absence of a showing of manifest error in the prior ruling or a

3    showing of new facts or legal authority which could not have been brought to its attention

4    earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).  The court

5    DENIES Mr. Allaben's motion for reconsideration because he has met neither standard.

6    To the extent Mr. Allaben seeks clarification, the court directs him to page 6 of the April

7    25, 2022 order, in which the court stated its understanding that Mr. Boone bases his

8    negligence claim on Mr. Allaben's alleged breach of the duty of reasonable care that

9    "every individual owes . . . to refrain from causing foreseeable harm in interactions with

10   others." (April 25, 2022 Order at 6 (quoting *Beltran-Serrano v. City of Tacoma*, 442 P.3d

11   608, 613-14 (Wash. 2019).)  In determining whether Mr. Allaben breached that duty on

12   July 7, 2019, the jury will consider the circumstances under which Mr. Allaben pushed

13   Mr. Boone and decide whether a reasonably prudent person would have done the same

14   thing in Mr. Allaben's position.  *See* 16 Wash. Prac., Tort Law and Practice § 2:33 (5th

15   ed.).  Furthermore, Mr. Allaben's concern that allowing Mr. Boone's negligence claim to

16   proceed will deprive him of a "defense of others" defense appears to be misplaced.  The

17   court has identified at least one Washington Court of Appeals decision that acknowledges

18   a "defense of others" defense to negligence.  *See, e.g.*, *Jones v. Hapa United LLC*, 181

19   Wash. App. 1028, at *2 (June 10, 2014) (unpublished) (citing RCW 9A.16.020(3); and

20   stating that "[d]efense of others would, therefore, negate negligence").

21      Mr. Allaben also moves for an order certifying questions to the Washington

22   Supreme Court.  (*See* Mot. at 4-8.)  Mr. Boone shall file his response to Mr. Allaben's

1    arguments regarding certification by May 23, 2022.  *See* Local Rules W.D. Wash. LCR

2    7(d)(3).  Because the court has denied Mr. Allaben's motion for reconsideration, Mr.

3    Boone need not respond to the arguments regarding reconsideration.  *See* Local Rules

4    W.D. Wash. 7(h)(3) ("No response to a motion for reconsideration shall be filed unless

5    requested by the court.").

6          Dated this 10th day of May, 2022.

7

8                                          _____

9                                          JAMES L. ROBART
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3