1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BOONE,

                              Plaintiff,

          v.

JOHN ALLABEN,

                              Defendant.

CASE NO. C21-1562JLR

ORDER DENYING MOTION TO
CERTIFY QUESTIONS TO THE
WASHINGTON STATE
SUPREME COURT

15

## I.     INTRODUCTION

16

17

18

19

20

21

22

Before the court is Defendant John Allaben's motion to certify questions to the

Washington State Supreme Court.  (Mot. (Dkt. # 44); Reply (Dkt. # 47).[1])  Plaintiff

Michael Boone opposes the motion to certify.  (Resp. (Dkt. # 46).)  The court has

considered the motion, all materials submitted in support of and in opposition to the

---

[1] On May 10, 2022, the court denied Mr. Boone's request, contained in the same motion, to reconsider its April 25, 2022 order granting Mr. Boone's motion for reconsideration.  (*See* 5/10/22 Order (Dkt. # 45); 4/25/22 Order (Dkt. # 42).)

ORDER - 1

1   motion, and the governing law.  Being fully advised, the court DENIES Mr. Allaben's

2   motion to certify questions to the Washington Supreme Court.

3                              II.      BACKGROUND

4          The factual and procedural background of this case is set forth in detail in the

5   court's since-vacated order granting Mr. Allaben's motion for summary judgment.  (*See*

6   3/21/22 Order (Dkt. # 36) (vacated on reconsideration by 4/25/22 Order).)  Therefore, the

7   court discusses below only the background relevant to the instant motion.

8          This case arises from an ill-fated encounter between Mr. Allaben and Mr. Boone

9   on July 7, 2019.  (*See generally* Am. Compl. (Dkt. # 23).)  Mr. Boone alleges that after

10  he "staggered and accidentally touched" Mr. Allaben's wife, Carolynne Allaben, Mr.

11  Allaben "pushed [Mr. Boone] from behind as [Mr. Boone] was approximately 10 feet

12  forward from the accidental touching."  (*Id.* ¶¶ 2-3.)  He further alleges that Mr.

13  Allaben's "actions were unintentional and were not meant to cause harm" and that Mr.

14  Allaben "either committed negligence, gross negligence, or recklessness" when he

15  pushed Mr. Boone.  (*Id.* ¶¶ 5, 7.)

16         On March 21, 2022, the court granted Mr. Allaben's motion for summary

17  judgment.  (3/21/22 Order.)  In that order, the court agreed with Mr. Allaben that Mr.

18  Boone's claim was properly categorized as a claim for battery, an intentional tort, rather

19  than a claim for negligence.  (*Id.* at 9.)  Mr. Allaben's motion relied in part on *Swank v.*

20  *Valley Christian School*, 374 P.3d 245 (Wash. Ct. App. 2016), *aff'd in part, rev'd in part*

21  *on other grounds*, 398 P.3d 1108 (Wash. 2017), in which the Washington State Court of

22  Appeals held that "[a] plaintiff cannot avoid the battery limitation period 'by disguising

1  the real cause of action in a different form.'" (MSJ (Dkt. # 25) at 6-7); *Swank*, 374 P.3d

2  at 256 (quoting *Boyles v. City of Kennewick*, 813 P.2d 178, 179 (Wash. Ct. App. 1991)).

3  The court concluded that because it was undisputed that Mr. Allaben intended to push

4  Mr. Boone, that conduct amounted to a battery—despite Mr. Boone's attempt to plead a

5  negligence claim—and was thus barred by Washington's two-year statute of limitations

6  for intentional torts.  (3/21/22 Order at 8-9 (citing RCW 4.16.100(1)).)

7         Mr. Boone moved for reconsideration of the court's March 21, 2022 order.

8  (Boone MFR (Dkt. # 38).)  He argued that under the Washington Supreme Court's

9  decision in *Beltran-Serrano v. City of Tacoma*, 442 P.3d 608 (Wash. 2019), a battery

10  claim does not preclude a negligence claim that arises from the same incident.  (Boone

11  MFR at 3-4.)  Indeed, the *Beltran-Serrano* Court held that because "ordinary negligence

12  principles apply in situations that involve both a claim of battery and a duty to act

13  reasonably," the fact that the plaintiff may have had a valid intentional tort claim "ha[d]

14  no bearing on the viability of his negligence claim for violation of the duty to act

15  reasonably."  *Beltran-Serrano*, 442 P.3d at 612-13.  This court agreed with Mr. Boone

16  that under *Beltran-Serrano*, a plaintiff can pursue a negligence claim even where the

17  defendant's use of force was indisputably intentional.  (*See* 4/25/22 Order at 3-6.)  The

18  court granted Mr. Boone's motion for reconsideration and vacated its order granting

19  summary judgment to Mr. Allaben.  (*Id.* at 8.)

20         Mr. Allaben then filed the instant motion.  In the portion of the motion considered

21  in this order, Mr. Allaben asks the court to certify three questions to the Washington

22  Supreme Court:

1        1.      "[W]hether and how the Washington Supreme Court's opinion in

2                [*Beltran-Serrano*] applies outside the law enforcement context;"

3        2.      "[W]hether, after *Beltran-Serrano*, a plaintiff can avoid the limitation

4                period for an intentional tort by arguing the defendant's understanding or

5                handling of the situation preceding the intentional tort is negligent;" and

6        3.      "[W]hether the decision in *Beltran-Serrano* means that every intentional

7                tort has an inseparable negligence component for the same act."

8    (Mot. at 1.)  The motion is now ripe for decision.

## III.    ANALYSIS

10       Under RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a

11   proceeding is pending, it is necessary to ascertain the local law of [Washington] in order

12   to dispose of such proceeding and the local law has not been clearly determined, such

13   federal court may certify to the [Washington] supreme court for answer the question of

14   local law involved and the supreme court shall render its opinion in answer thereto."  The

15   certification process serves the important judicial interests of efficiency and comity:  as

16   noted by the United States Supreme Court, certification saves "time, energy and

17   resources and helps build a cooperative judicial federalism."  *Lehman Bros. v. Schein*,

18   416 U.S. 386, 391 (1974).  The decision whether to certify a question to the Washington

19   Supreme Court rests in the discretion of the federal court considering certification.

20   *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995) (citing *Lehman Bros.*, 416

21   U.S. at 391).  Even when state law is unclear, the court is not obligated to use the

22

1  certification process.  *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th

2  Cir. 2009) (citing *Lehman Bros.*, 416 U.S. at 390).

3         The court concludes that the local law of Washington is sufficiently clear

4  following *Beltran-Serrano* and thus certification of Mr. Allaben's proposed questions is

5  not warranted.  Although *Beltran-Serrano* involves police misconduct, the Washington

6  Supreme Court's discussion of the relationship between intentional tort and negligence

7  claims is grounded in general principles of tort law.  *See Beltran-Serrano*, 442 P.3d at

8  611-13.  The court concludes, therefore, that *Beltran-Serrano*'s holding that intentional

9  tort and negligence claims may coexist is not limited to the law enforcement context.

10 Moreover, *Beltran-Serrano* explains that *Boyles*—upon which *Swank* relied—does not

11 preclude "overlapping claims of negligence and assault and battery" and, indeed,

12 recognizes that a plaintiff may pursue both battery claims and negligence claims where

13 the factual allegations of the complaint support both claims.  *Id.* at 613 (discussing

14 *Boyles*, 813 P.2d at 179).  Because the local law is not unclear, the court declines to

15 certify Mr. Allaben's proposed questions and DENIES his motion to certify.

16                          **IV.    CONCLUSION**

17        For the foregoing reasons, the court DENIES Mr. Allaben's motion to certify

18 questions to the Washington State Supreme Court (Dkt. # 44).

19        Dated this 24th day of May, 2022.

20

21        _____

22        JAMES L. ROBART
          United States District Judge

ORDER - 5